UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JARVIS WARD, ) | |
| ) | |
| *Petitioner,* ) | |
| ) | Cause No. 3:16-cv-464 RLM |
| v. ) | (Arising out of 3:12-cr-128) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent.* ) | |

OPINION AND ORDER

Jarvis Ward pleaded guilty to one count of racketeering, 18 U.S.C. § 1962(c), and aiding and abetting the brandishing of a firearm in connection with a crime of violence or drug trafficking crime, 18 U.S.C. §§ 2, 924(c)(1)(A)(ii). This matter is before the court on his second or successive motion to vacate. 28 U.S.C. § 2255. For the reasons that follow, the court denies his motion.

I. BACKGROUND

Mr. Ward admitted to the following facts. He was a member of the Cash Out Boyz gang, which was involved in a pattern of criminal activity that included drug trafficking and violent crimes. In an act referred to as the "drug rip-off," Mr. Ward and Javon Thomas, another gang member, robbed a drug dealer of a pound of marijuana after Mr. Thomas hit the dealer on the head with a revolver. Mr. Ward and Mr. Thomas split up the marijuana and sold it to others. Mr. Ward was also involved in selling marijuana on at least fifteen occasions. For example, he sold several ounces of marijuana out of the house of another gang member.

Based on these facts, Mr. Ward pleaded guilty to Count 1 of the indictment: associating with an enterprise, the Cash Out Boyz, affecting interstate commerce, to conduct or participate in the conduct of the enterprise's affairs through a pattern of racketeering activity. 18 U.S.C. § 1962(c). This count explains that the members of the Cash Out Boyz "engaged in the distribution of controlled substances and in acts of violence, including acts involving murder, attempted murder, assaults with deadly weapons, robbery, and home invasions." "Racketeering Act Nine" alleged that through his participation in the "drug rip-off," Mr. Ward committed Hobbs Act robbery, 18 U.S.C. § 1951; Indiana robbery, Ind. Code 35-42-5-1; and possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1). Mr. Ward also pleaded guilty to Count 5, aiding and abetting the brandishing of a firearm "during and in relation to a crime of violence and drug trafficking crime." 18 U.S.C. §§ 2, 924(c)(1)(A)(ii).

This court sentenced Mr. Ward to 168 months incarceration for the racketeering charge and 84 months for the brandishing charge, to be served consecutively for a total of 252 months. Regarding the brandishing charge, the sentencing memorandum explains that Mr. Ward pleaded guilty to "brandishing a firearm during a crime of violence," and the judgment only refers to brandishing a firearm during a crime of violence. The brandishing count carried a mandatory minimum sentence of 84 months, which the sentencing guidelines also recommended. § 924(c)(1)(A)(ii); U.S.S.G. § 2K2.4(b). When adding in the racketeering conviction, the total guideline recommendation was 252 to 294 months. The court sentenced Mr. Ward on the low end of the guideline range.

2

On June 26, 2015, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson concerned the Armed Career Criminal Act, which imposes a fifteen-year mandatory minimum sentence for a defendant who committed three prior "violent felonies." The statute defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the "elements clause"]; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives [known as the "enumerated offenses clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the "residual clause"];

18 U.S.C. § 924(e)(2)(B) (emphasis added). Johnson held that the residual clause is unconstitutionally vague under the Due Process Clause, U.S. CONST. amend. V. Johnson announced a substantive rule retroactively applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Mr. Ward wasn't charged with violating the ACCA, but § 924(c)(1)(A)(ii), which criminalizes brandishing a firearm "during and in relation to any crime of violence or drug trafficking crime." "Crime of violence" under § 924(c) is defined with similar language to that in the ACCA as an "offense that is a felony and—

> (A) has as an element the use, attempted use or threatened use of physical force against the person or property of another [the "elements clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

3

§ 924(c)(3). During briefing on this motion, the court of appeals held that, after Johnson, the "residual clause" in § 924(c) is also unconstitutionally vague. United States v. Cardena, 842 F.3d 959, 996 (7th Cir. 2016). Mr. Ward argues that his § 924(c) conviction is based on that unconstitutionally vague language, and so the § 924(c) conviction should be vacated.

II. STANDARD OF REVIEW

One convicted of a federal crime can challenge his sentence on grounds that the sentence violates the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Mr. Ward filed his motion to vacate or correct his sentence within one year of when "the right asserted was initially recognized by the Supreme Court" in United States v. Johnson, 135 S. Ct. 2551 (2015) and "made retroactively applicable to cases on collateral review" in Welch v. United States, 136 S. Ct. 1257 (2016). § 2255(f)(3). This is a successive petition for Mr. Ward, which the court of appeals authorized. §§ 2244, 2255(h).

An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. After reviewing Mr. Ward's petition and the record of this case, the court concludes that the factual and legal issues raised can be resolved on the record, so no hearing is necessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where the record conclusively demonstrates that a petitioner is entitled to no relief on § 2255 motion).

4

III. Discussion

Mr. Ward's argument that Johnson invalidates his § 924(c) conviction only matters if his conviction rested on the invalidated language in the definition of "crime of violence," § 924(c)(3). *See* United States v. Stanley, 827 F.3d 562, 565 (7th Cir. 2016). Mr. Ward thus needs to show that he wasn't convicted based on a "drug trafficking crime," 18 U.S.C. § 924(c)(2), and that he wasn't convicted based on the "elements clause" of the definition of "crime of violence," § 924(c)(3)(A). If either, Johnson doesn't come into play and the conviction stands.

Mr. Ward argues that his § 924(c) conviction was based on committing a "crime of violence," not a "drug trafficking crime." There's some inconsistency in how the crime is described throughout the proceedings. Most references include both types of crimes. The indictment refers to "the carrying of a firearm during and in relation to a crime of violence and drug trafficking crime." Mr. Ward's plea agreement states that he pleads guilty to "aiding and abetting the carrying of a firearm during a drug trafficking crime/crime of violence." At the change of plea hearing, the court refers to Count 5 as based on "a drug trafficking crime or crime of violence," and the United States attorney describes the crime as carrying a firearm "during a federal drug trafficking crime or a federal crime of violence." The pre-sentence investigation report also references "crime of violence/drug-trafficking activity."

Two documents deviate, describing the § 924(c) conviction as based on a "crime of violence" without referencing a "drug trafficking crime." The judgment describes "BRANDISHING A FIREARM DURING A CRIME OF VIOLENCE; 18:2

5

AIDING AND ABETTING," and the sentencing memorandum mentions "brandishing a firearm during a crime of violence."

The descriptions of the § 924(c) violation that really matter to this analysis are the indictment and the plea agreement. Like the indictment in Davila v. United States, 843 F.3d 729 (7th Cir. 2016), "[t]he indictment charged [Mr. Ward] with possessing the gun in connection with *both*" a drug trafficking crime and a crime of violence. Davila, 843 F.3d at 731. Section 924(c) "defines a stand-alone crime." *Id.* It "requires a minimum sentence of five years [or eight years when brandished] if the firearm is possessed during and in relation to a drug offense or crime of violence 'for which the person *may be* prosecuted' (emphasis added); it does not require prosecution for or conviction of that other offense." *Id.* What's relevant is whether Mr. Ward may be prosecuted for a "drug trafficking crime" or a "crime of violence" based on the elements clause.

In his plea agreement, Mr. Ward admitted to robbing a drug dealer of about one pound of marijuana. His associate hit the dealer over the head with a revolver. The two then split up the marijuana and sold it to others. At the minimum, Mr. Ward admitted to the factual basis for possessing with intent to distribute marijuana. 21 U.S.C. § 841(a)(1). Even though he wasn't convicted of possession with intent to distribute, he "may be prosecuted" for it because he admitted to facts sufficient to prove the crime.

A "drug trafficking crime" "means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." §

6

924(c)(2). Possessing marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), is "a felony punishable under the Controlled Substances Act" and so it's a "drug trafficking crime" under § 924(c)(2). *See* Moncrieff v. Holder, 133 S. Ct. 1678, 1686 (2013). Mr. Ward thus admitted to a factual basis to support the § 924(c) conviction that has nothing to do with Johnson and the definition of "crime of violence." Mr. Ward argues that "mere possession of marijuana" doesn't satisfy 21 U.S.C. § 841(a), but he ignores the admission that the drugs were possessed so that Mr. Ward and his partner could split them up and sell them. Mr. Ward and the court reiterated these facts at the change of plea hearing.[1]

Mr. Ward argues that if Count 5 of the indictment alleged a violation of § 924(c) based on either a drug trafficking offense or a crime of violence, the charge would be unconstitutionally duplicitous. Even if Mr. Ward were correct, such a legal problem with the indictment would have existed regardless of Johnson. He could have and should have addressed it with the trial court or on direct appeal, not for the first time on collateral review. *See* Bousley v. United States, 523 U.S. 614, 622 (1998); Stanley v. United States, 627 F.3d 562, 565 (7th Cir. 2016).

Further, "[t]here is a deeper problem with [Mr. Ward's] challenge to his conviction under § 924(c): He pleaded guilty." Davila v. United States, 843 F.3d 729, 731 (7th Cir. 2016). This decision "conferred benefits including the dismissal of [one] other serious charge[ ]" (RICO conspiracy). *Id.* at 732. "When

---

[1] Hobbs Act robbery, 18 U.S.C. § 1951(b)(1), also remains a "crime of violence" after Johnson. United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017). If the foundation for Mr. Ward's § 924(c) conviction were Hobbs Act robbery, not possession with intent to distribute, then he "may be prosecuted" for a "crime of violence," and so the conviction would still stand.

7

the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *Id.* If so, "the conviction and the plea, as a general rule, foreclose the collateral attack," unless the court lacked subject-matter jurisdiction. *Id.* There's no argument that any of these exceptions apply. Mr. Ward accepted the benefits of his guilty plea without questioning whether the underlying predicate was a drug crime or crime of violence and whether the "drug rip-off" fit into one of those categories.

Mr. Ward admitted facts sufficient to convict him for a "drug trafficking crime." 18 U.S.C. § 924(c)(2). His conviction for brandishing a firearm in connection with a "drug trafficking crime" or "crime of violence" for which he "may be prosecuted", § 924(c)(1)(A)(ii), will stand.

IV. CONCLUSION

Based on the foregoing, the court DENIES Mr. Ward's § 2255 motion to vacate and correct his sentence [Doc. No. 345] and directs the Clerk to DISMISS the associated civil case [Doc. No. 336].

SO ORDERED.

ENTERED: March 1, 2017

/s/ Robert L. Miller, Jr.
Judge
United States District Court